UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LARRY H. COOK, JR.                      CIVIL ACTION NO. 08-cv-0475

VERSUS                                        JUDGE WALTER

U.S. COMMISSIONER SOCIAL            MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

Larry Cook ("Plaintiff") filed an application for supplemental security income, based on a claim that he became disabled in November 1999 after a car accident that caused a back injury. Plaintiff had filed earlier claims, but they were denied. ALJ Leslie John Rodriguez conducted a hearing on this application and issued a written decision to deny benefits. Tr. 17-28. The Appeals Council denied a request for review. Tr. 6-8. Plaintiff then appealed the Commissioner's final decision to this court, seeking the limited judicial relief that is available under 42 U.S.C. § 405(g). It is recommended, for the reasons that follow, that the Commissioner's decision be affirmed.

**Summary of the ALJ's Decision**

It is helpful if, before addressing the particular issues raised by Plaintiff, the ALJ's overall decision is reviewed. Plaintiff, who was born in 1972 and has only a marginal education, has past work experience that includes glass installer, sandblaster, roustabout, auto body repairman, and other physically demanding jobs. Plaintiff was injured in a car accident

in November 1999. He was followed by orthopedists Springmeyer and Rambach, as well as neurosurgeon Nanda. He received physical therapy, but surgery was not deemed required.

The ALJ took these factors into account when he analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 416.920 and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff had not engaged in substantial gainful activity (step one) since his application date. He next found that Plaintiff had degenerative disk disease, depression, anxiety, and somatoform disorder, impairments that are "severe" within the meaning of the regulations (step two) but not so severe as to meet or equal a listed impairment (step three) that would require an automatic finding of disability without regard to the applicant's age, education, or work skills.

The ALJ next reviewed the testimony and medical evidence to determine Plaintiff's residual functional capacity ("RFC"). He found that Plaintiff had the RFC to perform light work, except that Plaintiff is moderately limited in his activities of daily living and in his ability to maintain concentration, persistence, and pace. Plaintiff is also mildly limited in the area of social functioning.

A key issue on appeal relates to the finding that Plaintiff can generally perform the demands of light work, which is defined in the regulations. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though a job may require lifting of only very little weight, it will still be classified as light rather than sedentary if it requires a good deal of walking or standing, or

when it involves sitting most of the time with some pushing and pulling of arm or leg controls. A person must have the ability to do substantially all of these activities to be found capable of performing the full range of light work. 20 C.F.R. §§ 404.1567(b) and 416.967(b).

Plaintiff's past work was performed at the medium to very heavy levels, so the ALJ found that Plaintiff's RFC to perform only light work prevented him from performing his past relevant work (step four). Step five asks whether there are other jobs available in significant numbers that the claimant could perform, considering his RFC, age, education, and work experience. The ALJ received testimony from a vocational expert ("VE") on the issue. The VE testified that a person in Plaintiff's position could perform the demands of jobs such as cleaner/housekeeper and ticket seller, and there are several thousand such jobs in the region. Tr. 643. The ALJ accepted that testimony and found at step five that Plaintiff was not disabled. Tr. 27-28.

**Issues on Appeal**

The scheduling order requires parties to state the specific issues they wish to raise on appeal. Plaintiff listed: (1) a general assertion that the ALJ lacked substantial evidence to support his decision, and (2) a complaint that the ALJ was wrong with respect to the finding that there are jobs available in significant numbers that Plaintiff could maintain even if he could get hired.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Issue One; Substantial Evidence**

Plaintiff, in his brief, discusses the consultative examination by Dr. Thomas Staats, Ph.D., a clinical neuropsychologist, who examined Plaintiff in 2005. Dr. Staats' impression was that Plaintiff had pain disorder associated with both psychological factors and a general medical condition, major depressive disorder, and anxiety disorder NOS. Tr. 248-50. After referencing this report, Plaintiff notes that the ALJ did not find at step three that Plaintiff's impairments meet or equal a listed impairment, and Plaintiff follows with a two-sentence contention that he does have impairments that meet a listing.

The ALJ conducted an analysis of whether Plaintiff satisfied the requirements of any listings under the category of musculoskeletal disorders or mental disorders, and he concluded that Plaintiff did not. Tr. 20-22. Plaintiff does not cite any particular listing in

his brief or offer any argument as to how the physical or mental health evidence in the record satisfies the requirements of a listing.

Listings criteria are "demanding and stringent." Falco v. Shalala, 27 F.3d 160, 162 (5th Cir.1994). A mere diagnosis of a condition will not suffice. The claimant "must have a medically determinable impairment(s) that satisfies all of the criteria in the listing." Sections 404.1525(d); § 416.925(d). The burden of proof rests with a claimant to provide and identify medical signs and laboratory findings that support all criteria for a step three listing determination. Sullivan v. Zebley,110 S.Ct. 885, 891 (1990)("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria"). Plaintiff's conclusory assertion that he meets a listing is inadequate to merit judicial relief.

The bulk of Plaintiff's substantial evidence argument, and the principal issue in the agency proceedings, regards the relative weight the ALJ afforded opinions from two physicians. Dr. Mohammad Burney conducted a consultative orthopedic evaluation in July 2005, at the request of the agency. Dr. Burney performed a physical examination, during which he observed positive Waddell signs, which are indicative of potential exaggeration of symptoms. He also reviewed X-rays of the spine, right shoulder, and right hand. His impression was cervical degenerative disease, but he noted "no clinical evidence for lumbar radiculopathy, or lumbar or spine cervical myelopathy at this time." Tr. 284-87.

Dr. John Sandifer conducted an orthopedic evaluation a few months later, in February 2006, at the request of Plaintiff. Plaintiff exhibited greater symptoms than demonstrated in

Dr. Burney's examination. For example, Dr. Sandifer wrote that a straight-leg raise test produced back, hip, and thigh pain in both legs at 45 degrees. In contrast, Dr. Burney wrote that the results of the straight-leg test was negative for both legs. Dr. Sandifer wrote that X-rays of the cervical and lumbar spine showed no significant abnormalities. An MRI of the lumbar spine did show a herniated disk at L5/S1. Dr. Sandifer recommended that Plaintiff not do any repetitive overhead lifting, and his below-shoulder lifting should be restricted to no more than 10 pounds occasionally. He limited Plaintiff to sitting for no more than 15 minutes at a time or three hours in a work day. He wrote that Plaintiff could not do repetitive stooping, crawling, or climbing. Standing was limited to no more than 15 to 20 minutes at a time, and no more than three hours in a workday. Tr. 328-34.

The limitations found by Dr. Sandifer would be inconsistent with the demands of light work. The ALJ was well aware of that issue, and he stated that it was important to compare the two opinions. Tr. 24-26. The ALJ viewed at length the findings in each report. He found that Dr. Sandifer's conclusions were not supported by objective evidence. X-rays showed no abnormalities of the cervical spine and no significant abnormalities of the lumbar spine. An MRI report did show a herniated disk at L5-S1, but the ALJ found it did not explain the rather extensive postural and environmental limitations imposed by Dr. Sandifer. (The sitting and standing limitations, in particular, are extraordinary in comparison to those suggested by physicians in similar back injury cases that have come before the court.) The

ALJ noted that Dr. Sandifer did not note the Waddell signs seen by Dr. Burney. Neither physician noted any motor or muscular weakness in the legs.

The ALJ found from his comparison of the two opinions that they showed "very similar clinical signs and symptoms, but the physicians arrived at significantly different conclusions." Based on his comparison, the ALJ believed that it was clear that Dr. Burney's opinion is entitled to greater weight on these facts. He based that decision, in part, on a lack of signs and findings to support the extensive limitations imposed by Dr. Sandifer, that Dr. Sandifer's limitations were based largely on the claimant's subjective statements, and the extensive limitations were inconsistent with the conservative medical treatment and opinions of other physicians of record.

The ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994), quoting Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985). This is not a contest that pits the opinion of a treating physician (ordinarily afforded more weight) against a non-treating physician. Rather, the ALJ had to choose between the competing opinions from two non-treating consultative physicians who each examined Plaintiff. The ALJ's written decision shows that he carefully considered both opinions, compared them to the other evidence of record, and gave objectively reasonable reasons to favor Dr. Burney's opinion over that of Dr. Sandifer in this case. This aspect of the ALJ's decision does not, therefore, deprive it of substantial evidence.

Plaintiff also points to a report from Dr. Richard Galloway, Ph.D., a licensed rehabilitation counselor, who Plaintiff retained to perform a vocational evaluation. Dr. Galloway interviewed Plaintiff, administered intelligence tests, and reviewed the medical records. He noted the report from Dr. Staats and the report of Dr. Sandifer, but he did not mention the report from Dr. Burney. Dr. Galloway concluded that Plaintiff "would be unable to perform any work activity based on the medical records, especially the reports from Dr. Staats and Dr. Sandifer." Tr. 335-40.

The ALJ accepted the testimony of the VE at step five that Plaintiff could perform the demands of jobs that are available. He specifically rejected the opinion of Dr. Galloway that Plaintiff could not perform any work activity. Tr. 27-28. That decision was reasonable, especially considering that Dr. Galloway based his opinion in large part on the opinion of Dr. Sandifer, which the ALJ rejected in favor of Dr. Burney's opinion. None of the arguments that Plaintiff has raised in his general substantial evidence argument merit judicial relief.

**Issue Two; Maintaining Work**

Plaintiff's argument about maintaining an available job invokes the Fifth Circuit's Singletary decision, which interpreted disability under the Act to apply to cases in which a person is capable of working for short periods but can not *maintain* a job because his impairment flares up too often. Singletary does not, however, require every decision by an

ALJ include a separate finding regarding the claimant's ability to maintain a job. Frank v. Barnhart, 326 F.3d 618, 621 (5th Cir. 2003).

An ALJ's finding that a claimant can perform a certain level of work necessarily includes a finding that he is able to perform at that level not just intermittently but eight hours a day, five days a week. A separate and express finding regarding maintaining work is required only when the claimant's ailment "waxes and wanes in its manifestation of disabling symptoms." Id. See also Dunbar v. Barnhart, 330 F.3d 670 (5th Cir. 2003). The ALJ's basic decision with respect to disability was upheld above, and there is no indication in this record that a separate finding with regard to maintaining employment was required.

Accordingly;

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be **affirmed** and that Plaintiff's complaint be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of March, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE